# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**GEORGE PORTER (#88365)**                                    **CIVIL ACTION NO.**

**VERSUS**                                                                   **19-691-JWD-SDJ**

**DARREL VANNOY, ET AL.**

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 9, 2021.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**GEORGE PORTER (#88365)**                         **CIVIL ACTION NO.**

**VERSUS**                                         **19-691-JWD-SDJ**

**DARREL VANNOY, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss filed on behalf of Darrel Vannoy.[1]  The Motion is unopposed.  For the following reasons, the undersigned recommends the Motion be granted and that Plaintiff's claims against the remaining Defendants, James LeBlanc and the Louisiana State Penitentiary ("LSP"), be dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

## I.    Background

Plaintiff, who is representing himself and is confined at the Louisiana State Penitentiary in Angola, Louisiana instituted this action against Darrel Vannoy, James LeBlanc, and LSP alleging violations of his Eighth and Fourteenth Amendment rights.[2]  Plaintiff seeks declaratory, injunctive, and monetary relief.[3]

## II.    Law & Analysis

### a.    Vannoy's Motion to Dismiss Should Be Granted

#### i.    12(b)(6) Standard of Review

---

[1] R. Doc. 16.
[2] R. Doc. 1.
[3] R. Doc. 1, pp. 4-5.

In *Bell Atlantic Corp. v. Twombly*,[4] and *Ashcroft v. Iqbal*,[5] the Supreme Court clarified the standard of pleading that a plaintiff must meet to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"[9] "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."[11] Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[12] Moreover, the federal pleading rules simply require a "short and plain statement of the claim showing that the pleader is entitled to relief."[13] The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted.[14]

---

[4] 550 U.S. 544 (2007).
[5] 556 U.S. 662 (2009).
[6] *Twombly,* 550 U.S. at 555.
[7] *Iqbal,* 556 U.S. at 678, *quoting Twombly*, 550 U.S. 544.
[8] *Id.*
[9] *Id.* at 679.
[10] *Id.* at 678 (internal quotation marks omitted).
[11] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[12] *Id.* (citation omitted).
[13] Fed. R. Civ. P. 8(a)(2).
[14] *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).

Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation,"[15] or "naked assertions [of unlawful conduct] devoid of further factual enhancement."[16]

### ii. Plaintiff has Failed to State a Claim Against Vannoy

As pointed out by Vannoy, Plaintiff's claims center around Vannoy's supervisory role as the Warden at LSP. To the extent Plaintiff seeks to hold Vannoy liable for his supervisory role, such a claim fails.

Supervisory officials may be held liable under § 1983 only if they affirmatively participate in acts that cause constitutional deprivation or implement unconstitutional policies that cause the plaintiff's injury.[17] An allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983.[18] Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.[19] The policy implemented by the supervisor must be so deficient as to be a denial of constitutional rights.[20]

Plaintiff does not make any allegation that Vannoy was personally involved in the conduct complained of and does not make any allegations regarding specific policies that may or may not

---

[15] *Papasan v. Allain*, 478 U.S. 265, 286 (1986)
[16] *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).
[17] *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).
[18] *See Iqbal*, 556 U.S. at 676 (2009), (citing *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978)). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").
[19] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).
[20] *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).

3

be in place.  Further, supervisory officials such as Vannoy, who is the Warden at LSP, generally have no personal involvement in the day-to-day medical care of inmates at the facilities.[21] Considering the lack of personal involvement and lack of allegations of unconstitutional policies implemented by Vannoy, Vannoy cannot be held liable pursuant to § 1983,[22] and the Motion to Dismiss should be granted.

### b.  Plaintiff's Claims Against LeBlanc and LSP are Subject to Dismissal Pursuant to 28 U.S.C. §§ 1915(e) and 1915A

### i.  28 U.S.C. §§ 1915(e) and 1915A Standard of Review

Pursuant to 28 U.S.C. § 1915(e) this Court is authorized to dismiss an action that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief if the plaintiff has been granted permission to proceed without prepaying the filing fee ("*in forma pauperis*").  Under 28 U.S.C. § 1915A, this Court may dismiss any claim by a prisoner against a governmental entity or officer or employee of a governmental entity on the same bases regardless of whether the prisoner has been granted permission to proceed without prepaying the filing fee.[23]  Both statutes are intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[24]  A claim has no

---

[21] *See Hailey v. Savers,* 240 Fed. Appx. 670, 672 (5th Cir. 2007) (affirming dismissal of deliberate indifference claims against prison medical administrator because the plaintiff failed to allege specific facts to demonstrate that the administrator had personal involvement in placing the plaintiff in a job assignment that posed a substantial risk of harm or that the administrator implemented policies to physically harm the plaintiff).  Vannoy, as Warden, is even further removed from day-to-day medical decisions than a prison medical administrator.

[22] *Lozano*, 718 F.2d at 768 (5th Cir. 1983).

[23] Plaintiff was granted permission to proceed *in forma pauperis* on October 11, 2019.  R. Doc. 4. Accordingly, both statutes apply.

[24] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[25]  The law gives judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[26]  Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[27]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure,[28] as described above.  A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[29]

### ii.  LeBlanc Cannot be Held Liable as a Result of His Supervisory Role

Similarly to Plaintiff's claims against Vannoy, discussed *supra*, Plaintiff's claims against LeBlanc appear to arise solely as a result of LeBlanc's supervisory role in the Louisiana Department of Public Safety and Corrections.  For the same reasons Plaintiff has failed to state a claim against Vannoy, he has failed to state a claim against LeBlanc.  Additionally, this Court has recognized that supervisory officials, such as LeBlanc, who is the Secretary of the Department of Public Safety and Corrections, have no personal involvement in the day-to-day operations of the facilities.[30]  This finding would certainly extend to daily medical care.  LeBlanc cannot be held

---

[25] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

[26] *Denton,* 504 U.S. at 32.

[27] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

[28] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).

[29] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

[30] *See Jacobs v. LeBlanc*, No. 100-271, 2011 WL 1043239, at *3 (M.D. La. Feb. 11, 2011).

liable pursuant to § 1983, considering the lack of allegations regarding his personal involvement or implementation of unconstitutional policies.[31]

### iii.  LSP is Not Subject to Suit

Section 1983 creates a cause of action against "[e]very *person* who, under color of any [state law] ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution."[32]  Only a "person" may be sued for violation of an inmate's constitutional rights.[33]  A state is not a "person" within the meaning of § 1983.[34]  Similarly, "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term."[35] Accordingly, the claims against LSP should be dismissed with prejudice as legally frivolous.

### c.  Exercise of Supplemental Jurisdiction Should be Declined

Finally, to the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had

---

[31] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).
[32] 42 U.S.C. § 1983 (emphasis added).
[33] *Id.*
[34] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).
[35] *Douglas v. Gusman*, 567 F.Supp.2d 877, 892 (E.D. La. 2008) (citing *United States ex rel. Arzonica v. Scheipe*, 474 F.2d 720, 721 (3rd Cir. 1973); *Cullen v. DuPage County*, No. 99-1296, 1999 WL 1212570, *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97-0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Sponsler v. Berks County Prison*, No. 95–1136, 1995 WL 92370, at * 1 (E.D. Pa. 1995); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993)).

original jurisdiction, or for other compelling reasons.[36]  In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## **<u>RECOMMENDATION</u>**

**IT IS RECOMMENDED** that this Court decline the exercise of supplemental jurisdiction over Plaintiff's potential state law claims, that the Motion to Dismiss[37] filed by Darrel Vannoy be **GRANTED**, and that Plaintiff's claims against James LeBlanc and the Louisiana State Penitentiary be dismissed *sua sponte* as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A and that this case be **CLOSED**.

Signed in Baton Rouge, Louisiana, on July 9, 2021.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[36] 28 U.S.C. § 1367.
[37] R. Doc. 16.